No. 509—No. 8383, 8454, 8606—consolidated.

Hoss & Elder, Administrator v. George J. Jones.

As the administrator of an estate can not bind the estate he represents ex contractu, without the authority of the judge, the estate can not be bound by a breach thereof.

The plea of payment and that of novation are inconsistent. A debt paid can not be novated. There is nothing to novate.

An administrator has no power to novate a debt due to the succession under his charge, without at least having been authorized to do so.

Under no circumstances can the administrator of an estate take in payment of the rent of property a draft payable at the end of the lease, and thus give up the privilege which the estate he represents has on the growing crop.

APPEAL from the Tenth Judicial District Court, parish of Caddo. Looney, J. Egan & Wise, Land & Taylor, for plaintiffs and appellees. Nutt & Leonard, for defendant and appellant.

Morgan, J. A plantation, belonging to the succession of which plaintiffs were administrators, was rented annually, under order of court, by public auction. At each offering the defendant became the lessee.

For the year 1870, he agreed to pay a rent of $2600, giving his endorsed note for that amount, payable on the first January, 1871.

For the year 1871, he agreed to pay a rent of $2600, giving his draft for that amount on Payne, Dameron & Co., of New Orleans.

For the year 1872, he agreed to pay a rent of $1200, giving his endorsed note therefor.

The first year's rent was not paid. Suit was brought therefor, and a writ of provisional seizure issued. So with regard to the second year's rent. And so with regard to the third.

To the first demand he pleads specially payment and novation. Reconvening, he claims damages to a large amount for the failure of the administrators to replace a gin house and mill on the plantation which

had burned down before he took possession, and which prevented him from grinding corn and delayed him in the gathering of his crop; which caused some of his cotton and cotton seed to rot, etc.

To the second suit he answers that he gave his draft on Payne, Dameron & Co. in payment of the rent; that this draft is still held by them, and that his liability therein has been extinguished in consequence of the failure of the administrators to present said draft for payment, and because the draft was not legally protested for non-payment. He also alleges that the succession is indebted to him in sums as set forth in his answer to the first suit, which he makes part of his second answer, and that it is indebted to him in the further sum of $100 for building a house on the plantation under contract with the administrators, and in the further sum of $320, rent of dwelling house occupied by Cornelia Hart, and in the further sum of $1789 87 for lumber, etc., purchased by the administrators from defendant for use of the plantation.

To the third suit he alleges that the succession of Hart is largely indebted to him, as set forth in his answers to the two preceding suits.

If his pretensions are well founded, the result will be that instead of receiving the rent which he agreed to pay for the property, which he occupied for three years, and upon which he made crops, the succession of Hart will have to pay him some $16,000.

The cases were consolidated, and from a judgment against him he has appealed.

A motion to dismiss the appeal is made on the ground of acquiescence. We do not find that acquiescence which gives to the judgment the authority of the thing adjudged. The motion to dismiss is therefore refused.

The defendant in the court below moved for a new trial, on the ground that the judgment had been rendered and signed in chambers. But we think that as he agreed that this should be done, the agreement being on the minutes of the court, the judge did not err in refusing it. A motion was made by the plaintiff to strike out the defendant's reconventional demand. The conclusion to which we have arrived on the merits make it unnecessary that we should pass upon this motion. With regard to the reconventional demand contained in his answer to the first suit, it is sufficient to say that, as an administrator of an estate can not bind the estate he represents ex contractu, without the authority of the judge, the estate can not be bound by a breach thereof. As regards the novation which he pleads, his position is inconsistent. He pleads payment and novation. A debt paid can not be novated; there is nothing to novate. Besides, admitting the novation, which we are far from doing—on the contrary, we think there was none—we think

an administrator has no power to novate a debt due to the succession under his charge, without at least having been authorized to make it. The alleged novation consisted in this: When the note became due in July, 1871, it was not paid. The defendant then gave a draft on Payne, Dameron & Co. for the amount thereof, payable on the first April following, and his note was given up to him. He then notified Payne, Dameron & Co. not to accept or pay the draft, and it was not accepted. Whether this was a novation or not, the administrator had no right to make it. See Landry v. Percy, 25 An. 183.

In that case it was said: "An administrator exceeds his proper functions when he enters into an agreement with the debtors of an estate to extend the term of payment beyond that fixed by the original contract. The exercise of such a power by an administrator may be assimilated to acts done by agents, which do not come within the purview of their power, and which are, therefore, not regarded as binding on their principals.

"If an administrator could, by his private contracts, bind an estate, or make it liable for his fault, negligence or non-performance in the matter of his contracts, the interests of heirs and creditors would be in constant jeopardy. As said by Judge Martin in the case of Flower v. Swift, 8 N. S. 452, in regard to the indorsement of a note by an executor: 'Such a contract is not in the scope of an executor's authority, i. e., he can not thereby bind the estate to pay damages or even to refund the amount of the note; for if he could, he could ruin the estate by making it liable to pay the amount of notes of its insolvent debtors. As the executor can not bind the estate by indorsement, it follows that the liability resulting from those he makes is personal.'"

His defense to the second suit that the rent was paid by draft, given in anticipation, on Payne, Dameron & Co. is not good. The draft was not paid, and if it be true that it was neither presented or paid, as is alleged, defendant should at least have shown that he had funds with the drawees to meet the draft at maturity. This he has not done. Under no circumstances can the administrator of an estate take in payment of the rent of property a draft payable at the end of the lease, and thus give up the privilege which the estate he represents has on the growing crop.

His reconventional demand is governed by what we have already said with regard to similar claims in the first suit.

The defense to the third suit rests on the grounds alleged in the two preceding ones, and is disposed of in the same way.

The judgment of the district court reserves to him his rights against the administrators personally for any damages which their conduct may have caused him. This is all that can be accorded to him.

Plaintiffs have prayed that the judgments be amended by recognizing a privilege on the property provisionally seized and attached in these suits. We think they are entitled to this.

It is therefore ordered, adjudged and decreed that the judgments of the district court in these three consolidated cases be amended by allowing a privilege on all the property provisionally seized and attached therein, and for the amounts adjudged to be due in each suit respectively, and that as thus amended they be affirmed with costs.